# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 30, 2006

130467

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TONY CARROIL BAILEY,
      Defendant-Appellant.

SC: 130467
COA: 253706
Wayne CC: 03-010369-02

_____/

On order of the Court, the application for leave to appeal the December 13, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

I would vacate one of defendant's convictions of armed robbery. A jury convicted defendant of two counts of armed robbery[1] and possession of a firearm during the commission of a felony,[2] felony-firearm. I believe that defendant raises a legitimate objection to the sufficiency of the evidence for one of the armed robbery convictions.

The prosecution claims that defendant and a codefendant robbed a hair-braiding salon. In the process, they allegedly took money from the two complainants' purses. But only one of the complainants testified at trial. She did not see defendant or the codefendant take anything from the second complainant's purse and did not know whether anything was missing from the second complainant's purse. The entire conviction rested on a confusing statement overheard by the testifying complainant that "she don't got the money she just have."

---

[1] MCL 750.529.

[2] MCL 750.227b.

This statement is hearsay because it is an out-of-court statement offered to prove the truth of the matter asserted. MRE 801(c). Although defendant did not object to the statement, I believe that its admission rises to the level of plain error. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763 (1999). If a defendant meets these requirements, reversal is required if the error resulted in the conviction of an innocent defendant or seriously affected the fairness or integrity of the proceedings. *Id.*, quoting *United States v Olano*, 507 US 725, 736-737 (1993).

In this case, the fact that the error occurred and the fact that this statement is hearsay are clear and obvious. This error affected defendant's substantial right to a fair trial free from inadmissible evidence. And, given that this was the only evidence connecting defendant to the second robbery, there is a fair chance that defendant is actually innocent. Beyond this, convicting a defendant solely on the basis of inadmissible hearsay calls into question the fairness and integrity of the proceedings. Therefore, I would find that admission of the hearsay statement amounts to plain error requiring reversal. Because defendant's conviction for the second armed robbery was based solely on plain error, the evidence against him was not sufficient to convict.

I would vacate one of defendant's convictions for armed robbery.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006

_____
Clerk

t0627